USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-26-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH HELLER, et al.,

                    Plaintiffs,

- against -

HAPPY WALKING BOYS CORP.,

                    Defendant.

**REPORT AND RECOMMENDATION**

10 Civ. 3625 (LTS) (RLE)

**To the HONORABLE LAURA T. SWAIN, U.S.D.J.:**

## I. INTRODUCTION

On May 3, 2010, Plaintiffs Sarah Heller and Karin Torossian ("Plaintiffs") filed a Complaint against Defendant Happy Walking Boys Corp. ("Happy Walking") pursuant to the Fair and Accurate Credit Transaction Act 15 U.S.C. § 1681c(g) ("FACTA"), which was enacted as an amendment to the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. On December 14, 2010, the Honorable Laura T. Swain granted Plaintiffs' motion for a default judgment against Happy Walking, and referred the matter to the undersigned for class discovery and an inquest on damages. (Default Judgment, Dec. 14, 2010, Doc. 13.) For the reasons that follow, the Court recommends that Plaintiffs be awarded **$2,000** in statutory damages and **$460** in costs.

## II. BACKGROUND

### A. Factual History

Happy Walking is a New York corporation, doing business as Chow Bar, and had its principal place of business at 230 West 4th Street in Manhattan. (*See* Compl.) On December 3, 2009, Plaintiffs were patrons at Chow Bar. (*Id.*) Plaintiffs initiated this action after Happy Walking provided an electronically printed receipt which displayed, without redaction, the

expiration date of their credit/debit card accounts. (*Id.*) In their Complaint, Plaintiffs contend that, despite Happy Walking having several years to bring itself in compliance with FACTA and having been notified in advance of and after FACTA became law, the company willfully ignored the law and exposed them to identify theft and credit/debit card fraud. (*Id.*)

### B. Procedural History

On May 3, 2010, Plaintiffs filed a complaint against Happy Walking, requesting statutory damages for violations under FACTA. Happy Walking was served on May, 17, 2010, and their answer was due on June 7, 2010. A default judgment was entered against Happy Walking after it failed to answer. On February 1, 2011, Plaintiffs appeared before the undersigned for a telephonic pretrial conference, and requested leave to conduct discovery in connection with their contemplated motion for class certification. After the Court permitted Plaintiffs to conduct discovery, Plaintiffs informed the Court that they had discovered that Happy Walking was no longer in business. (Pls.' Sarah Heller and Karin Torossian Mem. of Law on Damages ("Pls.' Mem.") at 1.) Consequently, Plaintiffs no longer seek class certification, and submitted their Memorandum of Law on Damages to the Court on March 23, 2011. (*Id.* at 2.)

### III. DISCUSSION

### A. Standard for Default Judgment and Inquest

A party may move for a default judgment against an adversary who fails to answer or appear. Fed. R. Civ. P. 55(b). Following a default judgment, all well-pled factual allegations of the complaint, except those relating to damages, are accepted as true. *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). A factual allegation will be deemed not well-pled only in "very narrow, exceptional circumstances."

2

*Verizon Directories Corp. v. AMCAR Transp. Corp.*, 05 Civ. 8867, 2008 WL 4891244, at *2 (S.D.N.Y. Nov. 12, 2008) (citing *TMS Entm't Ltd. v. Madison Green Entm't Sales, Inc.*, 03 Civ. 517, 2005 WL 2063786, at *2 (S.D.N.Y. Aug. 16, 2005).

A court must conduct an inquest in order to determine the amount of damages with reasonable certainty, and it may make such determination without a hearing, "as long as it [has] ensured that there is a basis for the damages specified in the default judgment." *TMS Entm't Ltd.*, 2005 WL 2063786, at *2 (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Accordingly, the Court may rely on Plaintiffs' affidavits and documentary evidence in determining the reasonableness of the damages requested. *See Id.* (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## B. Happy Walking Boys Corp. Liability Under the Fair and Accurate Credit Transaction Act

Happy Walking is liable to Plaintiffs under FACTA, 15 U.S.C.A. § 1681n (West 2005), which creates a cause of action for a consumer against any person "who willfully fails to comply with any requirement imposed…with respect to any consumer." Specifically, FACTA's truncation provision requires that retailers accepting credit cards or debit cards for business transactions print no more than the last five (5) digits of a card number or the expiration date on consumers' electronically printed credit card receipts. 15 U.S.C.A § 1681c(g).

3

## C. Amount of Damages

Plaintiffs allege damages in the amount of $2,000, which represents the maximum amount of statutory damages under FACTA of $1,000 to each named Plaintiff. 15 U.S.C.A. § 1681n(1)(A). 15 U.S.C.A. § 1681n allows courts to award statutory damages of not less than $100 and not more than $1,000 of actual damages sustained by a consumer. *Id.* As this is a default case, statutory damages are appropriate because Plaintiffs are unable to conduct the discovery necessary to calculate actual damages. *See Coach, Inc. v. Reggae Hot Spot, Inc.*, 10 Civ. 4902, 2010 WL 5536521, at *2 (S.D.N.Y. Dec. 10, 2010). Accordingly, the Court recommends that each Plaintiff be awarded $1,000.

Plaintiffs also request costs, which can be awarded under 15 U.S.C.A. § 1681n(3) upon any successful action to enforce any liability under the section. Plaintiffs claim $460 in costs for a $350 filing fee and $110 service of process fee. Happy Walking has not submitted any evidence to challenge the numbers submitted by Plaintiffs, and the Court finds these amounts reasonable.

## IV. CONCLUSION

Based on the evidence and the applicable case law, the Court recommends that Plaintiffs be awarded **$2,000** in statutory damages, and **$460** in costs. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Laura T. Swain, 500 Pearl Street, Room 755, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely

objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)(*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**Dated: April 25, 2011**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

**A copy of this Order was sent to:**
Defendant
Nene Jie Wang - Henry Lee Fong, Esq.,
Happy Boys Walking Corporation
7 Chatham Square, #8
New York, NY 10038

Counsel for Plaintiffs
Brian Jay Militzok
Militzok & Levy, P.A.
3230 Stirling Road
Hollywood, FL 33021